UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Omar Siler,

08 Civ. _____ ( )( )

                                Plaintiff,

COMPLAINT AND
DEMAND FOR JURY TRIAL

                -against-

ECF Case

THE CITY OF NEW YORK, NYPD
OFFICER SMITHWICK, NYPD
OFFICER CRUZ, NYPD OFFICER
GONZALEZ, NYPD OFFICER JACOB,
AND JOHN DOES #1-10.

                               Defendants.
------------------------------------------------------------x

        Plaintiff Omar Siler, by his attorneys Emery Celli Brinckerhoff & Abady LLP, for his Complaint alleges as follows:

### INTRODUCTION

        1.     This is a civil rights action seeking damages for Defendants' violations of Plaintiff Omar Siler's rights, privileges, and immunities under the United States Constitution, 42 U.S.C. § 1983. The suit arises from an incident on July 2, 2007, during which, for no apparent reason, New York City Police Department (NYPD) officers falsely detained, wrongfully imprisoned, and violently assaulted Mr. Siler. Although Mr. Siler was complying with the orders of the NYPD officers, they repeatedly and aggressively shoved him and then threw him headfirst into a metal gate, causing lasting physical and emotional injuries. The NYPD assault on Mr. Siler was captured on video and is featured on You Tube in a clip entitled, "Police Are Gangs Too," which can be viewed at http://www.youtube.com/watch?v=Yqpo04cx28U (hereinafter "You Tube video").

1

2. This Complaint, arising from these outrageous and unlawful acts, seeks compensatory and punitive damages, costs, disbursements, and attorneys' fees pursuant to applicable federal civil rights law.

## THE PARTIES

3. Plaintiff Omar Siler is a citizen of the United States and resided in New York, New York at the time of the events giving rise to this Complaint.

4. Defendant City of New York ("City") is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

5. At all times relevant hereto, defendant Police Officer Smithwick was a police officer of the NYPD, acting in the capacity of agent, servant, and employee of defendant City, and within the scope of his employment as such. On information and belief, Officer Smithwick was assigned to the 25th Precinct on July 2, 2007.

6. At all times relevant hereto, defendant Police Officer Cruz was a police officer of the NYPD, acting in the capacity of agent, servant, and employee of defendant City, and within the scope of his employment as such. On information and belief, Officer Cruz was assigned to the 32nd Precinct on July 2, 2007.

7. At all times relevant hereto, defendant Police Officer Gonzalez was a police officer of the NYPD, acting in the capacity of agent, servant, and employee of defendant

City, and within the scope of his employment as such. On information and belief, Officer Gonzalez was assigned to the 32nd Precinct on July 2, 2007.

8. At all times relevant hereto, defendant Police Officer Jacob was a police officer of the NYPD, acting in the capacity of agent, servant, and employee of defendant City, and within the scope of his employment as such. On information and belief, Officer Jacob was assigned to the 32nd Precinct on July 2, 2007.

9. At all times relevant hereto, Defendant Police Officers John Does #1-10, whose actual names and shield numbers Plaintiff have been unable to ascertain notwithstanding reasonable efforts to do so, but who are sued herein by the fictitious designation "John Doe," were police officers of the NYPD, acting in the capacity of agent, servant, and employee of Defendant City, and within the scope of their employment as such. The physical appearances of these officers are documented on the You Tube video.

10. On July 2, 2007, defendants Smithwick, Cruz, Gonzalez, Jacob, and John Does #1-10 (collectively the "Officer Defendants") were responsible for unlawfully arresting and assaulting Plaintiff, and/or despite witnessing some portion of the arrest and assault on Plaintiff failed to intervene to prevent these constitutional harms from occurring to Plaintiff.

11. At all times relevant hereto, the Officer Defendants were acting under the color of state law.

**JURISDICTION AND VENUE**

12. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and state common law.

13. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a).

14. The acts complained of occurred in the Southern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

### JURY DEMAND

15. Plaintiff demands trial by jury in this action.

### FACTUAL ALLEGATIONS

16. On July 2, 2007, Omar Siler, then nineteen years old, was attending a sweet sixteen party at the National Black Theatre, located at 2031 5th Avenue, New York, New York.

17. After the party ended, Mr. Siler helped three young women hail a taxi nearby, and then he headed back toward the theater.

18. When Mr. Siler reached the street in front of the theater, he quietly looked on as NYPD officers arrested two individuals.

19. Then, without provocation, NYPD officers began to assault Anthony Greene, a friend of Mr. Siler's.

20. Although Mr. Greene was handcuffed and had fallen to the ground, NYPD officers repeatedly and gratuitously kicked him. Part of the assault on Mr. Greene is visible in the first ten seconds of the You Tube video.

21. From some distance away, Mr. Siler witnessed the assault on Mr. Greene.

22. Concerned about his friend's well being, Mr. Siler tried to explain to a number of NYPD officers – who were uninvolved in the assault and who were standing some distance away from that assault – that Mr. Greene had not done anything wrong.

23. Mr. Siler pleaded with these NYPD officers to end the assault on Mr. Greene.

24. In response to Mr. Siler's pleas, an NYPD officer began to aggressively and repeatedly shove Mr. Siler.

25. This officer also repeatedly screamed at Mr. Siler, "Do it! Do it! Do it!" – which was intended to provoke Mr. Siler into hitting that officer or other officers.

26. Mr. Siler did not touch this officer or any other officer.

27. Instead, Mr. Siler backed away and followed the officers' directions to stand on the sidewalk.

28. When he reached the sidewalk, Mr. Siler explained to a group of NYPD officers that he had reached the sidewalk and was leaving the scene.

29. Nevertheless, an NYPD officer continued to aggressively and repeatedly shove Mr. Siler.

30. An NYPD officer then ripped a chain off of Mr. Siler's neck, which bore a large photograph of Mr. Siler's friend who had been killed just months earlier by NYPD officers from the local precinct.

31. An NYPD officer then violently shoved Mr. Siler headfirst into a metal gate.

32. Mr. Siler's head and body crashed into the gate, causing serious injuries to his face, neck, and back.

33. Officers then handcuffed and arrested Mr. Siler.

34. The entire incident – from Mr. Siler's pleas for an end to the assault on Mr. Greene, to Mr. Siler's arrest – is documented on the You Tube video from the twenty second mark to the end of that video. Mr. Siler is the young man wearing a blue shirt in the video.

35. Following the arrest, NYPD officers detained Mr. Siler for over twenty-

four hours, and charged him with disorderly conduct, resisting arrest, and obstruction of justice.

36. After being released from custody, Mr. Siler went to a hospital where he received treatment for his physical injuries.

37. Shortly thereafter, Mr. Siler sought counseling for the emotional trauma he suffered as a result of this incident.

38. Throughout the incident, Mr. Siler did not break any laws.

39. On March 19, 2008, all charges against Mr. Siler arising from the July 2, 2007 incident were dismissed.

40. As a direct and proximate result of their unlawful assault, arrest, and imprisonment, Plaintiff suffered physical pain, reputational injury, psychological pain, mental anguish, and other losses. Plaintiff continues to suffer physical and emotional damages from these events.

41. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim, sworn to by Plaintiff, was served upon the Defendants by personal delivery of the notice, in duplicate, to the Comptroller's office at 1 Centre Street, New York, New York.

42. At least thirty days have elapsed since the service of the notice of claims, and adjustment or payment of the claim has been neglected or refused.

43. This action has been commenced within one year and ninety days after the happening of the event upon which the claims are based.

## FIRST CAUSE OF ACTION
42 U.S.C. § 1983 - False Arrest & False Imprisonment
(Against the Officer Defendants)

44. Plaintiff repeats and realleges the above paragraphs as if the same were

fully set forth at length herein.

45. The Officer Defendants wrongfully and illegally arrested, detained, and imprisoned Plaintiff.

46. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause.

47. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

48. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, and imprisoned.

49. At all times, the unlawful, wrongful, and false arrest and imprisonment of Plaintiff was without basis and without probable cause.

50. All this occurred without any fault or provocation on the part of Plaintiff.

51. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers. Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by the United States Constitution.

52. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

**SECOND CAUSE OF ACTION**
42 U.S.C. § 1983 – Excessive Force
(Against the Officer Defendants)

53. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

54. By using excessive force and assaulting Plaintiff, the Officer Defendants deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

55. In addition, the Officer Defendants conspired among themselves to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and by the Fourth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

56. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers. Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

57. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Assault and Battery
(Against All Defendants)

58. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

59. Defendants, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted and battered Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did violent and/or menacing act(s) which threatened such contact to the Plaintiff, and that such act(s) caused apprehension of such contact in the Plaintiff.

60. Defendants, their officers, agents, servants, and employees were responsible for the assaults on Plaintiff. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

61. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

**FOURTH CAUSE OF ACTION**
False Arrest and False Imprisonment
(Against All Defendants)

62. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

63. The Officer Defendants wrongfully and illegally arrested, detained, and imprisoned plaintiff.

64. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

65. At all relevant times, Defendant Officers acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

66. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, and imprisoned.

67. At all times, the unlawful, wrongful, and false arrest and imprisonment of Plaintiff was without basis and without probable or reasonable cause.

68. All this occurred without any fault or provocation on the part of Plaintiff.

69. Defendants, their officers, agents, servants, and employees were responsible for Plaintiff's arrest, detention, and imprisonment during this period of time. Defendant City, as employer of the Officer Defendants, is responsible for their wrongdoing under the doctrine of <u>respondeat superior</u>.

70. Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct towards Plaintiff.

71. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers. Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

72. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Negligence
(Against All Defendants)

73. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

74. Defendants owed a duty of care to Plaintiff.

75. Defendants breached that duty of care by detaining, imprisoning, arresting, and assaulting Plaintiff without any justification whatsoever.

76. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

77. All of the foregoing occurred without any fault or provocation on the part of Plaintiff.

78. Defendants, their officers, agents, servants, and employees were responsible for the Plaintiff's arrest, detention, and imprisonment during this period of time. Defendant City, as employer of the Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

## SIXTH CAUSE OF ACTION
Negligent Hiring and Retention of Employment Services
(Against Defendant City)

79. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

80. Upon information and belief, Defendant City, through the NYPD, owed a duty of care to Plaintiff to prevent the physical and mental abuse sustained by Plaintiff.

81. Upon information and belief, Defendant City, through the NYPD, owed a

duty of care to Plaintiff because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

82. Upon information and belief, the Officer Defendants were unfit and incompetent for their positions.

83. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the Officer Defendants were potentially dangerous.

84. Upon information and belief, Defendant City's negligence in hiring and retaining the Officer Defendants proximately caused Plaintiff's injuries.

85. Upon information and belief, because of the Defendant City's negligent hiring and retention of the aforementioned Officer Defendants, Plaintiff incurred physical and mental injury.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

(a) On the First Claim for Relief against the Officer Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

(b) On the Second Claim for Relief against the Officer Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

(c) On the Third Claim for Relief against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officer Defendants in an amount to be determined at trial;

(d) On the Fourth Claim for Relief against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officer Defendants in an amount to be determined at trial;

(e)     On the Fifth Claim for Relief against Defendant City, compensatory damages in an amount to be determined at trial, and punitive damages against the Officer Defendants in an amount to be determined at trial;

(f)     On the Sixth Claim for Relief against Defendant City, compensatory damages in an amount to be determined at trial; and

(g)     Such other and further relief as this Court may deem just and proper.


Dated:  New York, New York
        September 29, 2008

EMERY CELLI BRINCKERHOFF & ABADY LLP

By: _____
    Eric Hecker (EH 0989)
    Elora Mukherjee (EM 0921)
    75 Rockefeller Plaza, 20th Floor
    New York, New York 10019
    (212) 763-5000
    *Attorneys for Plaintiff*